UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELIZABETH M. VOSS,

Plaintiff,

v.

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SACRAMENTO, et al.,

Defendants.

No. 2:26-cv-01949-DC-JDP (PS)

ORDER DENYING PLAINTIFF'S MOTION
FOR A TEMPORARY RESTRAINING
ORDER

(Doc. No. 3)

This matter is before the court on Plaintiff Elizabeth M. Voss's motion for a temporary restraining order. (Doc. No. 3.) In her motion, Plaintiff seeks a court order restraining "Murray B. Weaver, Trustee, his agents, employees, and all persons acting in concert with him, from selling, disposing of, removing, transferring, damaging, or destroying any personal property of Plaintiff at 608 ½ Sutter Street, Folsom, California 95630, pending a hearing on a preliminary injunction . . . ." (*Id.* at 2.) Plaintiff asserts that her personal property will be destroyed by the end of the business day on May 27, 2026. (*Id.*) For the reasons explained below, Plaintiff's motion for a temporary restraining order will be denied.

**BACKGROUND**

This action arises from an unlawful detainer action filed by Murray B. Weaver ("Mr. Weaver") against Plaintiff's business, Studio On Sutter, LLC, for the property located at 608 ½ Sutter Street, Folsom, California 95630 (the "Property") on February 5, 2026, in the Superior

1

Court of California, County of Sacramento ("Sacramento County Superior Court"). (Doc. No. 1 at 3, 4.) Plaintiff alleges that on April 8, 2026, judgment was entered against Studio on Sutter, LLC, and a writ of possession for the Property was issued in the state court action. (*Id.* at 4.) Plaintiff alleges that on April 28, 2026, the Sacramento County Sheriff executed the writ and locked Plaintiff out of the Property. (*Id.*) Plaintiff alleges her personal property remains within the Property and includes "business equipment, client records, healthcare provider materials, personal belongings, and the physical contents of a studio." (Doc. No. 3-1 at 7.)

On May 27, 2026, Plaintiff filed a complaint in this court alleging civil rights violations pursuant to 42 U.S.C. § 1983, against Defendants Sacramento County Superior Court; Defendant Jane Doe 1, the supervising clerk in the Carol Miller Justice Center; and Does 1 through 20, clerk employees of the Carol Miller Justice Center. (Doc. No. 1 at 1.) Plaintiff alleges four claims against Defendants under 42 U.S.C. § 1983: (1) First Amendment – Right to Petition the Courts; (2) Fourteenth Amendment – Procedural Due Process; (3) Fourteenth Amendment – Equal Protection; and (4) Fourteenth Amendment – Property. (*Id.* at 6–8.) On that same day, Plaintiff filed a motion for a temporary restraining order in this court to prevent Mr. Weaver from destroying her personal property located at the Property. (Doc. No. 3.)

**LEGAL STANDARD**

The purpose of a temporary restraining order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974). The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

2

Courts within the Ninth Circuit may also consider a request for a temporary restraining order using a "sliding scale" approach in which "a stronger showing of one element may offset a weaker showing of another." *Id*. at 1131–35. "[W]hen plaintiffs establish that the balance of hardships tips sharply in their favor, there is a likelihood of irreparable injury, and the injunction is in the public interest, they need only show 'serious questions' on the merits." W*here Do We Go Berkeley v. Cal. Dep't of Transp*., 32 F.4th 852, 859 (9th Cir. 2022) (citing *All. for the Wild Rockies*, 632 F.3d at 1135). Nevertheless, injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

**ANALYSIS**

As an initial matter, Plaintiff seeks injunctive relief against a party that is not named in this action. Specifically, Plaintiff seeks an injunction preventing Mr. Weaver, her former landlord, from destroying Plaintiff's personal property that is currently located at the Property. (Doc. No. 3 at 2.) A court may not issue injunctive relief against a person who is not a party to the action before it. *See Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1394 (Fed. Cir. 1996); *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 395 U.S. 100, 112 (1969). Mr. Weaver is not a named party in this action, and therefore the court cannot grant the requested injunctive relief. *See Washington v. Muela*, No. 25-cv-03057-JSC, 2025 WL 1883824, at *4 (N.D. Cal. Jul. 8, 2025) (declining to enjoin parties who were not named in the action); *Westlake Fitness LLC v. Cnty. of Ventura*, No. 21-cv-00770-CBM, 2021 WL 971148, at *2 (C.D. Cal. Jan. 29, 2021) (same).

Even if Plaintiff had named Mr. Weaver as a defendant in this action, Plaintiff has not demonstrated that she will suffer irreparable harm if the injunction is denied. "The propriety of a temporary restraining order, in particular, hinges on a significant threat of irreparable injury [] that must be imminent in nature." *Gish v. Newsom*, No. 20-cv-00755-JGB-KK, 2020 WL 1979970, at *3 (C.D. Cal. Apr. 23, 2020) (citing *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d. 716, 725 (9th Cir. 1999); *Caribbean Marine Serv. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988)). "Harm is irreparable if it cannot be adequately compensated or corrected at a later date by legal

3

remedies or monetary damages." *Donaghey v. Moorpark Bellingham Homeowners Ass'n, Inc.*, No. 22-cv-08524-DSF-MAA, 2023 WL 9318509, at *9 (C.D. Cal. Nov. 29, 2023) (citing *Cal. Pharma. Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 852 (9th Cir. 2009)). Generally, the "possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (citation omitted).

Here, Plaintiff asserts she faces irreparable harm because her personal property located at the Property "will be permanently disposed of by end of business [May 27, 2026]" without court intervention. (Doc. No. 3 at 13.) However, an exhibit Plaintiff attached to her complaint, an email from Mr. Weaver to Plaintiff on May 13, 2026, is inconsistent with her assertion. (Doc. No. 1 at 10.)

In that email, Mr. Weaver notified Plaintiff that she could temporarily enter the Property to retrieve her personal property over a two-day period. (*Id*.) Mr. Weaver gave Plaintiff the option to choose the two days in which she planned to retrieve her property. (*Id*.) Accordingly, Plaintiff was given an opportunity to access and retrieve her personal property without court intervention.

Additionally, Plaintiff asserts that "[o]nce [her] property is gone no court order can restore it." (Doc. No. 3 at 13.) But Plaintiff does not explain why she cannot replace any of her equipment, records, or the physical contents of a studio. Nor does Plaintiff explain why she cannot later obtain compensation through money damages should she prevail on her underlying claims.

In short, Plaintiff has not demonstrated a likelihood of irreparable harm, as required by the second *Winter* factor to obtain injunctive relief. Because Plaintiff has not shown a likelihood of irreparable harm absent injunctive relief, the court need not conduct an analysis of the remaining *Winter* factors. *See A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018) (holding that a "plaintiff [must] make a showing on all four prongs to obtain a preliminary injunction"); s*ee also Williams v. Lobel Fin. Corp.*, 673 F. Supp. 3d 1101, 1106 (C.D. Cal. 2023) ("Where a plaintiff has not made the minimum showing of irreparable injury, it is not necessary for the Court to decide whether the plaintiff is likely to succeed on the merits.") (citing

4

*Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1378 (9th Cir. 1985)). Therefore, Plaintiff's motion for temporary restraining order will be denied.

**CONCLUSION**

For the reasons explained above:

1.  Plaintiff's motion for a temporary restraining order (Doc. No. 3) is DENIED.

IT IS SO ORDERED.

Dated:   **May 28, 2026**

Dena Coggins
United States District Judge