UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH M. VOSS,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO,<br><br>Defendant. | Case No. 2:26-cv-1949-DC-JDP (PS)<br><br>ORDER |

Plaintiff Elizabeth Voss brings this action against the Superior Court of California, County of Sacramento, alleging that she was unlawfully denied judicial access by the clerk's office. Plaintiff fails to state a cognizable claim. I will dismiss the second amended complaint and give plaintiff an opportunity to remedy the deficiencies identified below. I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which make the required showing. Finally, I will deny plaintiff's other pending motions for expedited discovery, permission to electronically file, expedited ruling, evidence preservation, and leave to file an amended complaint. *See* ECF Nos. 5, 7, 8, 9, 11, & 12.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

In the second amended complaint, plaintiff alleges that the state court's clerk's office instituted "nonjudicial barriers that prevent[ed] nonfrivolous filings from reaching a judicial officer."[1] ECF No. 10 ¶ 2. Plaintiff is the owner of Studio on Sutter LLC. ECF No. 6 ¶ 33. In

[1] Plaintiff filed the complaint on May 27, 2026. ECF No. 1. She then filed a first amended complaint on June 9, 2026. ECF No. 6. The first amended complaint is proper under Federal Rule of Civil Procedure 15, which allows one amendment "as a matter of course" no later than twenty-one days of service. *See* Fed. R. Civ. P. 15(a)(1)(A). Since plaintiff had not yet served the complaint, she was allowed to amend "as a matter of course" and thus the first amended complaint was proper. *See id*. However, plaintiff then filed the second amended complaint on June 25, 2026. ECF No. 10. This amended complaint was not properly filed, since

February 2026, an unlawful detainer action was initiated in state court against Studio on Sutter. *See id.* ¶ 32; ECF No. 10 at 26. Judgment was entered against Studio on Sutter on April 8, 2026. ECF No. 10 at 26. On April 16, 2026, plaintiff "attempted to file an ex parte application to intervene," and this filing was "rejected because she was filing in propria persona because counsel was incapacitated." ECF No. 10 ¶ 38. Four days later, plaintiff alleges that her ex parte application to intervene was accepted by the clerk's office "only when Plaintiff physically persisted against rejection." *Id.* ¶ 39. Plaintiff attempted to make other filings that were rejected; as May 20, 2026, plaintiff states that she had "19 rejected filings, 6 [filings] delayed for supervisor review, and only 1 accepted filing." *Id.* ¶ 42. Plaintiff alleges that the clerk's office rejected her filings because she was "not a party" to the action against Studio on Sutter. *Id.* ¶ 43.

After initiating this action in May 2026, plaintiff filed "an emergency ex parte application" in the state court case on June 22, 2026. *Id.* ¶ 46. She states that this filing was rejected for the stated reason, "As of 6/23/26, Elizabeth Voss is not eligible to file documents in the case as PRO PER, as she is not a party to the case. There is no attorney of record, as the substitution of attorney was not filed as ordered on 5/12/26." *Id.* ¶ 47. On June 23, 2026, plaintiff wrote an email to the clerk's office, presiding judge, assistant/presiding judicial officers, and the court executive officer's office about her rejected filings. *See id.* at 49-50.

Plaintiff now brings claims against certain individuals in the clerk's office for denial of judicial access, First Amendment retaliation, violation of due process, and declaratory relief. *Id.* ¶¶ 85-109.

Defendants are immune from plaintiff's allegations. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987). "A judge will not be deprived of immunity because the action he

---

plaintiff now requires leave of court or the opposing party's consent to amend. *See* Fed. R. Civ. P. 15(a)(2). Plaintiff is reminded of her obligation to comply with the Federal Rules of Civil Procedure in prosecuting this action. *See* E.D. Cal. L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.").

took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Courts in this Circuit have applied this standard to the quasi-judicial immunity of court personnel performing integral judicial tasks such that personnel may only be deprived of immunity if they are alleged to have acted "in the clear absence of all jurisdiction." *See Adams v. Comm. on Jud. Conduct & Disability*, 165 F. Supp. 3d 911, 924 (N.D. Cal. 2016) (granting motion to dismiss on grounds of quasi-judicial immunity for court personnel) (quoting *Stump*, 435 U.S. at 356-57).

Here, plaintiff alleges that defendants' wrongdoing consists entirely of rejecting and delaying her filings. *See* ECF No. 10 ¶¶ 38-49. Defendants "are entitled to absolute quasi-judicial immunity because decisions regarding the docketing of filings are part-and-parcel with their core duties" as court clerks. *See Paradise v. State*, No. 25-cv-2358-MRA-DFM, 2025 WL 3029387, at *10 (C.D. Cal. Sept. 3, 2025), *report and recommendation adopted*, 2025 WL 4661103 (C.D. Cal. Oct. 31, 2025) (citing *Mullis*, 828 F.2d at 1390); *see also Saintal-Bowman v. Eighth Jud. Dist. Ct.*, No. 2:25-cv-1243-CDS-EJY, 2025 WL 2211292, at *1 (D. Nev. Aug. 4, 2025) (holding that "even if the defendants refused to file [the plaintiff's] documents, the decision to accept and file documents is a basic and integral part of the judicial process").

As such, defendants are entitled to quasi-judicial immunity. *See Mullis*, 828 F.2d at 1390. Plaintiff does not allege that defendants acted "in the clear absence of all jurisdiction," such that they had no authority to take actions in rejecting her filings for the purported reason that she was not a party to the state court action; consequently, defendants are entitled to immunity from plaintiff's claims. *See Stump*, 435 U.S. at 357; *Adams*, 165 F. Supp. 3d at 924.

Accordingly, the second amended complaint will be dismissed with leave to amend. Plaintiff may file an amended complaint that explains why, if at all, her claims should proceed. Any amended complaint will entirely supersede the initial one and must be complete in itself. It should be titled "Third Amended Complaint" and be filed within fourteen days of this order's entry.

Lastly, I will deny plaintiff's other pending motions. Specifically, I will deny plaintiff's motion for expedited discovery, ECF No. 5, as premature since she has not stated a cognizable claim on which she may proceed. I will deny plaintiff's request for ruling, ECF No. 7, as moot in light of this order. I will deny plaintiff's motion for permission to electronically file, ECF No. 8, for failing to state good cause for departure from this District's local rules. *See* E.D. Cal. L.R. 133(b)(3). I will deny plaintiff's motion for leave to file the second amended complaint, ECF No. 9, as moot. Finally, for the reasons stated above, I will deny plaintiff's "ex parte application" for electronic filing access, expedited discovery, and a shortened briefing schedule, ECF No. 11, and I will deny plaintiff's petition for writ of mandamus[2] and emergency request for a preservation order, ECF No. 12.

**Conclusion**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's second amended complaint, ECF No. 10, is DISMISSED with leave to amend.

3. Within fourteen days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. Plaintiff's motion for expedited discovery, ECF No. 5, is DENIED.

6. Plaintiff's request for ruling, ECF No. 7, is DENIED.

7. Plaintiff's motion for permission to electronically file, ECF No. 8, is DENIED.

8. Plaintiff's motion for leave to file the second amended complaint, ECF No. 9, is DENIED.

9. Plaintiff's ex parte application, ECF No. 11, is DENIED.

[2] Plaintiff seeks a writ of mandamus under 28 U.S.C. § 1651 compelling this court to decide the motions addressed by this order. *See* ECF No. 12 at 6.

10. Plaintiff's petition for writ of mandamus and emergency request for preservation order, ECF No. 12, is DENIED.

IT IS SO ORDERED.

Dated: August 24, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE