UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELIZABETH M. VOSS,

Plaintiff,

v.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO,

Defendant.

Case No. 2:26-cv-1949-DC-JDP (PS)

ORDER

Plaintiff Elizabeth Voss brings this action against the Superior Court of California, County of Sacramento, alleging that she was unlawfully denied judicial access by the clerk's office. I previously dismissed the second amended complaint because it did not state a cognizable claim. The third amended complaint fails to comply with Federal Rule of Civil Procedure 8. Accordingly, I will dismiss the complaint and give plaintiff a final opportunity to amend.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's third amended complaint does not comply with Rule 8. All complaints, even those filed pro se, must adhere to pleading requirements delineated by Rule 8. *See McHenry v. Renne*, 84 F.3d 1172, 1178-79 (9th Cir. 1996) (concluding that a court may dismiss a pro se litigant's complaint for noncompliance with Rule 8); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). Compliance with Rule 8 requires "a short and plain statement showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and each allegation "must be simple, concise, and direct," *see* Fed. R. Civ. P. 8(d)(1). Courts have described the Rule 8 standard as the "fair-notice" standard, which requires that a pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp.*, 550 U.S. at

555.

The body of the third amended complaint spans 121 pages. Plaintiff also has attached 68 pages of exhibits, bringing the total length to 189 pages. The Court of Appeals has affirmed the dismissal of shorter complaints under Rule 8. *See Lindblad v. Bolanos*, No. 22-16200, 2023 WL 8047762, at *1 (9th Cir. Nov. 21, 2023) (affirming dismissal of a 95-page complaint for failure to comply with Rule 8); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (affirming dismissal of a 70-page complaint for failure to comply with Rule 8). In line with these holdings, the court finds that the third amended complaint violates Rule 8; indeed, it is far from "simple, concise, and direct." *See* Fed. R. Civ. P. 8(d)(1).

While the third amended complaint does not comply with Rule 8, plaintiff's prior pleadings were of significantly shorter lengths.[1] Accordingly, the third amended complaint will be dismissed with leave to amend. Plaintiff may file an amended complaint, but it must be no longer than 20 pages. Any amended complaint will entirely supersede the initial one and must be complete in itself. It should be titled "Fourth Amended Complaint" and be filed within fourteen days of this order's entry.

**Conclusion**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's third amended complaint, ECF No. 14, is DISMISSED with leave to amend.

2. Within fourteen days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal will result in a recommendation that this action be dismissed with prejudice.

[1] Those complaints (excluding exhibits) were 9 pages, 17 pages, and 20 pages. *See* ECF Nos. 1, 6, & 10.

IT IS SO ORDERED.

Dated: August 31, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE