UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH M. VOSS,<br>Plaintiff,<br>v.<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO,<br>Defendant. | Case No. 2:26-cv-1949-DC-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Elizabeth Voss brings this action against the Superior Court of California, County of Sacramento, alleging that she was unlawfully denied judicial access by the clerk's office. I previously dismissed the second amended complaint for failure to state a cognizable claim and the third amended complaint for failure to comply with Federal Rule of Civil Procedure 8. Plaintiff has filed a fourth amended complaint, ECF No. 16, and a renewed motion for a temporary restraining order, ECF No. 17.[1] For the reasons stated below, I recommend that plaintiff's fourth amended complaint be dismissed without leave to amend, and that plaintiff's motion for a temporary restraining order be denied.

[1] The court denied plaintiff's initial motion for a temporary restraining order, ECF No. 3, because plaintiff did not demonstrate a likelihood of irreparable harm. ECF No. 4 at 4-5. The court has referred petitioner's renewed motion to me. ECF No. 20.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Background**

Plaintiff alleges that the state court's clerk's office "repeatedly acted as de facto judicial authorities by deciding substantive legal questions reserved to judicial officers." ECF No. 16 ¶ 2. Plaintiff is the owner of Studio on Sutter LLC. ECF No. 6 ¶ 33. In February 2026, an unlawful detainer action was initiated in state court against Studio on Sutter. *See id.* ¶ 32; ECF No. 10 at

26.

In February 2026, plaintiff alleges that the clerk's office accepted an answer that she prepared on behalf of Studio on Sutter. ECF No. 16 ¶ 16. Judgment was entered against Studio on Sutter on April 8, 2026. ECF No. 10 at 26. On April 16, 2026, due to "sudden medical incapacitation of counsel for Studio on Sutter," plaintiff "electronically tendered" a motion for leave to intervene, a motion for a temporary restraining order, and a motion to vacate judgment. ECF No. 16 ¶ 17. "Defendants rejected all three emergency submissions on the supervisor-directed pretext that Plaintiff could not submit documents 'as an individual' because the named corporate defendant was an LLC . . . ." *Id.* ¶ 18. On April 19, 2026, plaintiff "resubmitted an amended emergency filing package electronically tendering seven separate documents . . . ." *Id.* ¶ 19. The clerk's office rejected all filings the following day. *Id.* On April 22, 2026, the clerk's office accepted plaintiff's renewed motion to intervene only after she appeared in person, provided "persistent, oral assertions that she was the rightful leaseholder," and "challenged [the clerk official's] authority to reject the filing." *Id.* ¶ 21. The state court then denied plaintiff's motion. *Id.* ¶ 22.

On April 29, 2026, plaintiff returned to submit a filing "prepared by her newly re-capacitated counsel," and she alleges that such filing was placed on a temporary administrative hold to determine whether she was filing it in an individual capacity. *Id.* ¶¶ 26-28. On May 12, 2026, the state court denied the motion prepared by counsel and directed counsel to file a substitution of attorney. *Id.* ¶ 30. Two days later, plaintiff "electronically submitted a cluster of post-lockout emergency and post-judgment filings" that were all rejected. *Id.* ¶ 31. Around the same time, plaintiff also attempted to file a notice of appeal, but that filing was also rejected for the reason that she was not a party to the state court action. *Id.* ¶¶ 33-34.

On May 19, 2026, plaintiff again "electronically submitted a cluster of post-lockout emergency filings" that were rejected. *Id.* ¶ 36. After initiating the present action in May 2026, plaintiff filed another "emergency application package" on June 22, 2026, because her "counsel was incarcerated." *Id.* ¶ 39. On the following day, this filing was rejected for the stated reason that "[a]s of 6/23/26, Elizabeth Voss is not eligible to file documents in the case as PRO PER, as

she is not a party to the case. There is no attorney of record, as the substitution of attorney was not filed as ordered on 5/12/26." *Id.* ¶ 40.

On August 18, 2026, plaintiff "submitted a renewed emergency ex parte application package" and this time indicated that Studio on Sutter had been erroneously sued. *Id.* ¶ 43. These filings were rejected. *Id.* ¶ 47. Other filings were rejected as recently as August 25, 2026, on the basis that plaintiff is not a party to the state court action. *Id.* ¶¶ 49, 55.

**Analysis**

Plaintiff brings claims against certain individuals in the clerk's office for denial of judicial access, First Amendment retaliation, and violation of due process. *Id.* ¶¶ 56-76. Defendants are immune from these claims. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Courts in this Circuit have applied this standard to the quasi-judicial immunity of court personnel performing integral judicial tasks such that personnel may only be deprived of immunity if they are alleged to have acted "in the clear absence of all jurisdiction." *See Adams v. Comm. on Jud. Conduct & Disability*, 165 F. Supp. 3d 911, 924 (N.D. Cal. 2016) (granting motion to dismiss on grounds of quasi-judicial immunity for court personnel) (quoting *Stump*, 435 U.S. at 356-57).

Here, defendants "are entitled to absolute quasi-judicial immunity because decisions regarding the docketing of filings are part-and-parcel with their core duties" as court clerks. *See Paradise v. State*, No. 25-cv-2358-MRA-DFM, 2025 WL 3029387, at *10 (C.D. Cal. Sept. 3, 2025), *report and recommendation adopted*, 2025 WL 4661103 (C.D. Cal. Oct. 31, 2025) (citing *Mullis*, 828 F.2d at 1390); *see also Saintal-Bowman v. Eighth Jud. Dist. Ct.*, No. 2:25-cv-1243-CDS-EJY, 2025 WL 2211292, at *1 (D. Nev. Aug. 4, 2025) (holding that "even if the defendants refused to file [the plaintiff's] documents, the decision to accept and file documents is a basic and

integral part of the judicial process").

Plaintiff does not plausibly allege that defendants acted "in the clear absence of all jurisdiction," such that they had no authority to take actions in rejecting her filings for the purported reason that she was not a party to the state court action. *See Adams*, 165 F. Supp. 3d at 924. Plaintiff alleges that "no statute, rule, local rule, or judicial order" authorized the clerk's office to reject her filings on the basis that she is not a party to the state court action. But "the decision to accept and file documents is a basic and integral part of the judicial process." *See Saintal-Bowman*, 2025 WL 2211292, at *1.

Moreover, while plaintiff alleges that the local rules did not permit the clerk's office to reject her filings, that allegation is unfounded; Superior Court of California, County of Sacramento Local Rule 1.21(E) specifically contemplates the clerk's office rejecting filings and, in fact, instructs the clerk to do so where documents are "unacceptable for filing[;]" Local Rule 7.37(A) concerns the date of electronic submission of a filing and states that "[n]othing in this section shall limit the clerk's ability to reject filings[;]" and Local Rule 7.37(C) provides that if a document is "unacceptable for filing, a notice of rejection of the document shall be electronically transmitted to the filer by the clerk[.]"[2] Accordingly, under the local rules, the state court clerk's office has at least some authority to reject filings that it independently determines are "unacceptable for filing." *See id*.

"The court need not accept as true allegations that contradict facts which may be judicially noticed by the court." *Andrews Farms v. Calcot, Ltd.*, 527 F. Supp. 2d 1239, 1248 (E.D. Cal. 2007) (citing *Mullis v. United States Bank. Ct.,* 828 F.2d 1385, 1388 (9th Cir. 1987)). Plaintiff's allegation—that the local rules do not authorize the clerk's office to reject filings—should not be accepted as true. As such, plaintiff fails to show that the clerk's office acted "in the clear absence of all jurisdiction" when it rejected her filings on the basis that she is not a party to the state court action. *See Adams*, 165 F. Supp. 3d at 924.

---

[2] I find the Superior Court of California, County of Sacramento Local Rules appropriate for judicial notice. *See* Fed. R. Evid. 201; *Callan v. New York Cmty. Bank*, 643 F. App'x 666 (9th Cir. 2016) (affirming the district court sua sponte taking judicial notice).

Accordingly, the fourth amended complaint should be dismissed without leave to amend. Plaintiff has already been afforded an opportunity to amend with notice of this pleading deficiency. As such, dismissal with prejudice is appropriate. *See Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011) ("The district court's decision to dismiss the second amended complaint with prejudice was appropriate in light of [the] plaintiffs' repeated failure to cure the deficiencies in their pleadings.") (cleaned up).

Additionally, plaintiff's motion for a temporary restraining order should be denied. A temporary restraining order, as with any preliminary injunctive relief, is an extraordinary remedy that is not awarded as of right. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The standards governing temporary restraining orders are "substantially similar" to those governing preliminary injunctions. *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). To obtain injunctive relief, a party must show: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. Although the court must consider all four *Winter* factors, the first factor—likely success on the merits—is the most important. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023).

As established above, plaintiff has not demonstrated "a fair chance of success on the merits" of any claim; in fact, plaintiff cannot state a cognizable claim. *See Flathead-Lolo-Bitterroot*, 98 F.4th at 1192. Consequently, the court need not analyze the remaining *Winter* factors. *See A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018) (holding that a "plaintiff [must] make a showing on all four prongs to obtain a preliminary injunction"); *Germon v. Times Mirror Co.*, 520 F.2d 786, 788 (9th Cir. 1975) ("Because [the plaintiff] failed to sustain his burden of showing a likelihood of success on the merits, we need not consider the issue of irreparable injury since [the plaintiff] would not be entitled to the relief sought even if he were to prevail on this issue.").

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's fourth amended complaint, ECF No. 16, be DISMISSED without leave to

amend.

2. Plaintiff's motion for a temporary restraining order, ECF No. 17, be DENIED.

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 10, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE